May it please the Court, Gabriel Hedrick on behalf of the appellant, Hsuan-Liu. I'm sure the Court has a number of questions for me regarding the issues raised in this appeal, but I would like to start with a key principle of due process that I think governs the issues raised on the appeal by both Mr. Liu and as well as the issues that I think were inappropriately raised by the respondents. It's a quote from Justice Holmes in the case of McDonnell v. Mabee. And Justice Holmes writes, To dispense with personal service, the substitute that is most likely to reach a defendant is the least that ought to be required if substantial justice is to be done. Counsel, I have a preliminary question before we get to the due process issue. Is this case subject to dismissal because your client failed to move to set aside the default charge? No, Your Honor. Why not? First of all, the issue was on a procedural matter. The issue was inappropriately raised by the defendants and their respondents for you, as opposed to a motion to dismiss under the federal rules of appellate procedure. Secondly, I'm getting to the substance of the matter. The issues that were raised on this appeal were already presented to the district court in the motion to set aside the first default. And the rules and the case law regarding making motions to set aside a default or default judgment I don't believe go so far as to require You have a whole different set of issues here. The first one had to do with whether you could serve the babysitter, and the second has to do with whether you can give notice by publication. But the arguments raised in that hearing and in those papers involved whether or not Mr. Liu was Our consortio decision looks like it's simply a straightforward application of the rule, but on appeal we don't hear arguments that were never raised to the district court. And you haven't raised any of these arguments to the district court. Yes, but we have raised these issues with the district court as far as Mr. Liu's residency, the requirement that Mr. Liu be personally served, and these are the underlying issues on this case. And the district court agreed with you, and you won that. So there's no reason to appeal that. The district court did not agree on whether or not Mr. Liu was required to be personally served or that he was a resident or domiciliary of China and should be required to be served in China. But he quashed service the first time. He quashed service a second time under different methods, including publication, which you're contesting. And you have never raised those, you've never protested those to the district court. But the court entered that order sua sponte without allowing the parties to argue those issues or present those issues. That's why you have the availability of other mechanisms for going back to the district court. And certainly we could have made a motion to set aside the default judgment, but the argument would have been substantially the same as they were the first time around. Well, you would have preserved the argument for appeal, but I think that's the point for us is the district court has never addressed these arguments. But with all due respect, I believe they have, because the court has found that Mr. Liu did not have to be personally served, which is what our argument on this appeal is. The court has found that Mr. Liu, we did raise the argument that substituted service, maybe not publication, but we did argue that substituted service was not proper because Mr. Liu was required to be personally served because he didn't meet the prerequisites. All of that, of course, in anticipation of service by Phillips. If Phillips had never bothered to serve your client, you wouldn't be here, right? It's the service that really triggers your right to be here. And since your client was served, you have never said a word to the district court. Well, the attempt on service was made. In other words, the service that was authorized by the court. On the basis of which was the basis for the district court's default judgment, right? Since that time, you have never proposed that one word to the district court. Since that time, no. That's correct. Then how do you have the right to be here? Because the court issued an order sui sponte that required, that authorized the service by process. And again, I don't think that the cases, including Consorcio, I think was the case. So how do you distinguish Consorcio? Because in Consorcio, the attempt on service was made before the court. I think it's actually distinguishable. For one, in that case, the attempt on service was made and the court found that the service was sufficient and entered the default there after an appearance was made. In this case, however, the court, though it granted our initial motion to set aside the default, it entered a sui sponte order authorizing service by these other means. And again, and I hate to belabor the same point, but the issues aside from whether the service by publication was sufficient, the other issues that are raised on this appeal regarding due process requiring that Mr. Lube be served by personal service before substitute service is allowed, those issues were raised by the court and denied by the court. The only issue, the order granting our first motion to set aside the default was on the basis that the babysitter wasn't a Why didn't you go back into the district court? What would have hurt? Because it would have been futile. It would have been futile. Because, again, the same issues that are raised in the district court. It wasn't futile the first time. Excuse me, Your Honor? It wasn't futile the first time. It wasn't. But, again, the same arguments that were raised on this appeal were disagreed with by the court in the first motion for default. And to go, I don't think the cases like Consorcio and the other case, Lamb, that was cited by the response requires the defendant to go in and re-argue points that were already made by the district court and disagreed with by the district court. But you had a different method of service the second time. That's the problem. That's correct. It was a different method of service, but the issues remained the same. The due process issues remained the same. The factual issues regarding Mr. Lube's residency remained the same. Had you gone back into the district court, we would have at least had the benefit of a district court opinion on this, wouldn't we? Well, you would have specifically. You would have briefed it, and Phillips would have briefed it. And we might have had an oral ruling, but we would have at least had the benefit of the district court's thinking on this question. But, again, I think we already have the district court's thinking on the question because the court found in its order setting aside the first default that the house in San Marino was Mr. Lube's residence, that the plaintiff did not have to personally serve the defendant first, did not have to comply with a convention. Those issues are the same issues that are raised on this appeal. What about the publication issue? The publication issue, I concede, was not before the court. So have you forfeited that question by not raising it to the district court? No, because the primary issue here is due process. I understand, but you forfeited the question of publication. And, again, let me just explain. And getting back to the point with McDonald, he may be requiring that this idea of due process require that attempted personal service be attempted before. But if you waive the issue, you don't have that argument to make. If you did not challenge the service by publication, then the service is good because you didn't challenge it. This isn't a matter of subject matter jurisdiction, which is not waivable. This is a matter of personal jurisdiction, which is waivable. And if you haven't raised it before the district court, why haven't you forfeited the argument? Again, I believe that we did raise those issues. How about the publication? Publication. Publication. And, again, I conceded that we didn't raise the issue of due process. But it doesn't matter. If you waive the issue of publication, then there's good service under publication and you lose, right? Again, I respectfully disagree, because the issue of due process that was raised, already raised in the district court, and disagreed with by plaintiffs, the same issue that we're raising here, which is that regardless of whether the substituted service was service on the babysitter or the substituted service was service by publication, the same issue remains, which is that- Service on the babysitter and service by publication, two rather different things. Factually, yes, but they're still substituted service. And due process still requires, under the case law, under federal and state California and Nevada law, requires that a reasonably intelligent attempt at personal service be attempted before- How much is your client potentially on the hook for here? Hundreds of millions of dollars. Hundreds of millions of dollars and yet didn't raise the question before the district court? And, again, I disagree for the reasons I've stated here. I don't want to repeat- You know what's curious to me is that at the evidentiary hearing, counsel came and advised the court that he was appearing only on behalf of certain defendants and not Mr. Liu. What was that strategy? That wasn't strange because Mr. Liu- What was the strategy? There was no strategy. The reason that we weren't representing Mr. Liu at the default resident proceedings is because Mr. Liu was challenging the jurisdiction of the court. You can make a special- Go ahead. I'm sorry. Doesn't the record suggest that Mr. Liu was aware of what you have referred to as the court's sua sponte order? That is the different order that authorized service by publication along with mailing. Isn't that a fair inference that Mr. Liu was aware of that and he deliberately sat out the district court proceedings? And that answers Judge Rawlinson's question about why counsel was specific as to the fact that he was not representing Mr. Liu at the hearing? Well, yes, I think that's correct, but I don't think that changes the validity of Mr. Liu's arguments. If he doesn't believe that the court has jurisdiction to enter a judgment against him, then there's no reason for him to appear at the hearing. It informs the question that you've been asked several times now about this publication and why Mr. Liu didn't challenge it. We now- I take it you concede that he was aware that the court had ruled that publication as an alternative means was permissible in this case along with mailing. So you concede that he was aware of that and still did not go back to the district court, even though he was aware of the order? I believe you can infer that he was aware of the order. But, again, because Mr. Liu believed that the order was incorrect and subject to appeal on the basis that the court didn't have jurisdiction over him, that there was no, number one, no reason for him to appear. And if he did appear, then he might have waived his- How about the special appearance just to challenge the personal jurisdiction? And, again, I believe that special appearance was made in the first motion to set aside the default. And, again, I don't want to reassert the same arguments that I've already stated before, but the same issues that I believe, setting aside whether or not service by publication by itself was sufficient. The issues of due process, residency, personal service were all raised before the district court on that first motion and were disagreed with by the district court in that motion. Do you want to save any time for rebuttal? Yes, Your Honor. All right. Good morning, Your Honors. Good morning. I'm Steve Morissette, and I'm here to represent Connick-Leachgate Phillips Electronics, MV. Just briefly as an overview, this is a case where the appellant, Mr. Lu, is attempting to argue procedure and leave out the fact that the substance that he actually was aware of the service was met and then argue substance that he was denied constitutional rights and leave out the procedure efforts. The record actually shows that Mr. Lu was served five different occasions in this case. First of all, not as an individual, but he received three copies of the summons and complaint in 2006. That was at the CES convention here in Las Vegas? Correct. And so there was personal service on him, so we know he got copies. And we also know that he was named as a defendant. Correct. And that would not be in any sense a technical correct service, but it shows knowledge of the case from the beginning. He was represented by the same law firm, the same attorneys throughout this. He was actively involved during the time that Phillips was attempting to obtain discovery. Mr. Lu and the defendants, other defendants, were unable or unwilling to provide a witness, and one of the reasons that they ended up with a default, besides the fact that they were violating the other court's freeze orders, was because they said that they could not provide a witness to come to the United States. There was a dispute over that. And at the same time, the record shows that Mr. Lu's visa was good through the end of 2007. In other words, through January of 2008, he was available to show up and appear. So he was intentionally avoiding appearing in this jurisdiction. And so there was independent reasoning for Judge Hunt believing that he was not willing to be meaningful to service. The next service, of course, was the service that was done both by the substituted service at the San Marino House in California, where his wife lived, where his child had been born, Nora Nandy. But that was quashed. That was quashed. And yet that is something that I think the Court should consider in terms of your worldview, because the purpose of service is to provide notice. There's the technical side of it, and there's the substance side of it. And the case law that we have cited shows that if the defendant, who is actually on notice, received notice, that the requirement is one of substantial compliance. In other words, the technical parts are deliberately uncertain. So we actually have a situation where the courts provided notice through three different sets of rules, the separate rules, the Nevada State rules, and the California rules. California rules provide that substituted service is permissible. There is a language in at least one California case that suggests that it is sufficient to attempt service two or three times. Counsel, isn't the stronger argument the procedural argument? The stronger? I'm sorry? Isn't your stronger argument the procedural argument that there was no Rule 59 or Rule 60? Yes. To set aside the default? Yes. And I did intend to get to that. The reality is that not only was there no Rule 55 motion to set aside, but there was also, if there was concern about the order that the judge issued, there was not even a motion for reconsideration. And I would suggest to you that the issues that were not presented include the publication, but also include the fact-specific issues. Any sort of appropriate order that the judge might have issued for service is going to be fact-specific. And Judge Hunt was entitled to hear Mr. Lew's arguments as to what was insufficient about his order. Mr. Hedrick suggests that the consortia does not apply here because you failed to move to dismiss the appeal. I think that it's up to this within the sports service body ability to do that. And I think it's entirely appropriate to raise that as part of the appellee's brief. I don't know of any reason that that has to be done as a separate motion to dismiss. Your argument is that you haven't forfeited it just because you didn't make a separate motion to dismiss people. Correct. And I think this Court has the power to control its own record or its own calendar. After service was quashed the first time, Judge Hunt authorized service by publication and by mailing the summons and the first amendment complaint to Mr. Lew. Where did those mailings go? The mailing went to the San Marino House. Was his counsel or at least his last counsel of record copied with the mailings? I would have to check the record, but I believe so. I believe that his counsel was copied with every court document. Why was publication in Nevada papers instead of California papers? Because I believe that Judge Hunt was following the Nevada rules, the civil procedure, Nevada rule 4E1i provides specifically for note publication. And I believe it's in Nevada. But the important point of that was that Judge Hunt, just as this Court did in the real properties case, recognized that the real service was through the entire process. In other words, there was a duplicate mailing service to the house where his wife and his child lived, and that the attorney who was representing Mr. Lew was present during all of this and received a copy of that order. So Mr. Lew was on notice by a far better mechanism, which is by sending a copy of the order saying that we're going to allow service through this process, sending it to Mr. Handel and Mr. Hedrick. They knew that Mr. Lew would receive notice. As a matter of fact, we heard Mr. Hedrick earlier in his argument say that the reason that Mr. Lew's attorneys, Mr. Handel in that case, said that they were not representing Mr. Lew in the default hearing was because, quote, Mr. Lew was challenging service. He wasn't challenging service in that court. He was waiting apparently until he got to this court, which would give him an extra year or two of delay, which we would contend is the real purpose in not bringing this to judge Hunt's attention. And I just want to go through. I think that this court can independently consider whether the first service on Mr. Lew, involving the service on the man who had been living there for six months, and essentially was residing there during the day, if not during the night. That was not appealed, though. It was not appealed. But in terms of this court considering whether or not the overall service was correct, I think we can look at the entire. Well, that would revive the appeal, wouldn't it? Because the plaintiffs did, or the appellants here did contest that. The appellants did contest that. That sort of takes it out of consortium and sort of revives the case, doesn't it? And the issue that we have is that if we had appealed, we would lose the benefit of consortium. But if the court is going to consider that. Well, if you want us to consider that, then we consider everything. No. Only if you are going to consider this appeal at all, which we believe we should not, as we've argued in our brief. If there are no other questions, that's all my presentation. All right. Thank you. Thank you. We have one more. Your Honor, briefly, one more time on the issue of the motion to dismiss, Federal Rule of Appellate Procedure 27 and the Ninth Circuit Rules 27-1 provides specific rules for bringing a motion to dismiss. Now, I have to look at this. Is it mandatory? Excuse me? Is it mandatory? There's nothing in this statute that says this Court has discussed. Has Phillips waived? Has Phillips forfeited its argument here because it didn't make a motion to dismiss? Yes. Okay. And what's the rule? I'm sorry? What's the rule that says that? Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1 set forth specific rules for challenging the Court's jurisdiction to hear the appeal. And is it mandatory to do that on penalty of forfeiting the argument? That's what that says. What's the language in the statute? I don't have the language quoted for me, but I would refer the Court to that statute. And I don't believe there's anything within those rules that state that the Court can, on a whim, disregard those rules whenever it so chooses. Well, often when there are motions to dismiss file, we defer them or deny them so that we can hear arguments. That may be so, but at least the party opposing the motion to dismiss has a full opportunity to file a written opposition in accordance with the rules and the faith limitations. Well, you have an opportunity to file an opposition in your reply brief. Correct. And we did to a limited extent, but the reply brief were limited to a certain number of words that at least we thought were better suited to discussing the merits of the case because we believed that the motion. You can ask for additional words. That's true. We could. We could. But, again, the rules set out those specific procedures. They have to bring a motion to dismiss. They don't have to. But I respectfully disagree. If that was your strong argument, you should have the rule and the language for us to look at. Madam Clerk, is there a copy of the 9th Circuit Rules over there? Or FRAP 27, I think, would be in the blue volume. Not the blue volume. That's criminal. Give it to the chief. All right. Let's find the. Could you stop the clock for a moment? We don't want to take this time. We only have about 12 seconds left. You probably weren't wanting that time to wind down, didn't you? Well, no, because I wanted to get to some other issues that I. Rule 27 issue briefly and go on to other issues that were raised. Page 550. It looks like. We're looking at Rule 27. Motions. It says. I'm reading 27A in general. An application for an order or other relief is made by motion unless these rules prescribe another form. A motion must be in writing unless the court permits otherwise. So what in that language do you think compels the motion to dismiss? I believe it was that first sentence that says that. An application for an order or other relief is made by motion. Correct. The only thing that's mandatory there is that it has to be in writing. The motion has to be in writing. It doesn't it doesn't it doesn't say anything about making the motion itself mandatory. Right. But they didn't they didn't they didn't bring a motion. They raised an argument in their respondents. All right. All right. What was the other point you wanted to make? Just quickly, the defendants state that that argue that Mr. Liu had received notice in various ways, for example, by being served with the corporate defendants summons and complaint and the service on Annie Ann. But the the the cases are clear that notice of the action is not by itself sufficient. There has to be some. There was no question that there was a game going on and that your client was trying to avoid service in every way that he could. Right. I mean, he's entitled to do that. Correct. Because he accepted personal service on on the corporate. There was no evidence that he was attempting to avoid service whatsoever. He accepted service on behalf of the corporate defendants. The only attempt at personal service on Mr. Liu as a defendant in this case was the deficient service on the babysitter. And that is not a reasonably diligent attempt at personal service on on the defendant. Yeah, I don't understand your last argument that there wasn't a game going on when when I thought you conceded that he was aware of Judge Hunt's to respond to a second order saying service by publication will suffice in this case and send two copies to his home as well. You say if he's actually aware of that and he's and he's avoiding coming into court to challenge what he thinks is an inappropriate order. See, it sounds to me like a game was going on with Mr. Liu playing a part in it. You are. Well, he's not playing a game. He's he's attempting to exercise his right to due process and and and to determine whether or not he is is subject to the jurisdiction of the Nevada district. Yeah, but I think Judge Burns point is he knew very well that he was being sued in this case. He knew what the suit was about and he was not willing to make himself available to receive it. That's not I disagree with that. There's no facts on the record that that's not fair. The only attempted the only attempt at a fair inference. No, Your Honor. I was willing to accept service in accordance with with due process. And I agree with the ruling. Would he have been willing to waive personal service under rule four? He didn't send a letter by the by the plane. It was never requested of us. Your Honor. So your client wasn't willing to waive service, personal service. And my letter was I. Your Honor, I don't know because it was never requested of us. And so we never had an opportunity to ask for counsel. We understand you. Thank you. Thank you to both counsel. Just submitted for decision by the court.
judges: Rawlinson, Bybee, Burns